## Western Collieries Company v. Rhye.

(Decided June 12, 1925.)

### Appeal from Hopkins Circuit Court.

1. Railroads—Contributory Negligence of Automobile Driver Held for Jury.—In action for injuries at railroad crossing, that plaintiff in sudden emergency inadvertently threw out gear, stalling his car on track, held not conclusive contributory negligence proximately contributing to injury, and requiring directed ver-

dict, in view of testimony of plaintiff that he could not have crossed track before car was struck in any event.

2. Appeal and Error—Failure to Specify to Jury what Signals should have Been Given by Train, Not Prejudicial.—In action for injuries at railroad crossing, where company's engine was not equipped with bell, and it was not claimed that whistle was blown within 250 yards of crossing, instructions requiring company to give such signals of approach as were reasonably necessary, and not specify what signals should have been given, held not prejudicial, even if company was within requirements of Kentucky Statutes, section 786, requiring specific signals, since it confessedly did not give them.

3. Railroads—Duty of Private Railroad to Give Crossing Signals Held Sufficiently Defined.—Even if coal company operating private railroad was not within Kentucky Statutes, section 786, requiring that specific signals be given at railroad crossing, duties of company in exercise of ordinary care in operation of its trains did not need more specific definition than duty of ordinary care by giving such signals of train's approach as were reasonably necessary for the purpose.

C. J. WADDILL and JOHN T. EDMUNDS for appellant.

FOX & GORDON for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant operates a "dinky" coal train between its coal mines and its tipple. Its railroad track, which is about one and one-half miles in length, crosses a dirt road midway between the mine and the tipple. At this crossing the company's coal train struck appellee's automobile, in September, 1923, at about 4:00 p. m., and, for the resultant injuries to himself and his car, he recovered a judgment of $1,250.00, from which the company appeals.

The grounds urged for reversal are: That the court erred in refusing to direct a verdict for the defendant, and in the instructions given.

The right to a directed verdict is based upon the claim that the evidence shows without contradiction that the accident would not have happened except for the negligence of plaintiff in throwing his car out of gear and causing it to stop upon the track in front of appellant's train when the train was so near that it could not be stopped in time to avoid a collision.

The trouble with this contention is that, according to the evidence for the plaintiff, he could not have gotten

across the track before the train struck his car even if he had not inadvertently thrown it out of gear in an effort to escape from his perilous position. Besides, he was acting in an emergency, and it was for the jury to say whether, under all of the circumstances, he failed to exercise such care as an ordinarily prudent person so situated would have exercised, and whether his negligence, if any, contributed to the accident.

We are, therefore, clearly of the opinion that there is no merit in appellant's first contention.

The instructions given by the court, over appellant's objection, are criticised for several reasons, but we are unable to find any error prejudicial to the appellant in any of them. They contain a number of inaccuracies, but considered as a whole, are much more favorable to the defendant than to the plaintiff, in that the duty of exercising care commensurate with the increased danger, if the crossing should be believed to be an unusually dangerous one, was placed upon plaintiff and not upon defendant.

The chief criticism of them is, that they required the defendant to exercise ordinary care to prevent injury at the crossing to travelers exercising ordinary care for their own safety by giving such signals of the train's approach as were reasonably necessary for the purpose, instead of specifying what signals should have been given.

This, however, even if error, could not have been prejudicial, since defendant's engine was not equipped with a bell, and it is not claimed the whistle was blown except at a whistle-board some 250 yards from the crossing. Hence if defendant comes within the requirements of section 786 of the statutes, it clearly did not give required signals for the crossing, and was confessedly negligent.

If, upon the other hand, it is not amenable to that section, as is its claim, its duties in the exercise of ordinary care could not have been enumerated, or more specifically defined, than was done in the instructions given. Million's Admr. v. L. & N. R. Co., 208 Ky. 788, — S. W. —. Neither were the circumstances such as to require a concrete instruction upon the question of contributory neglect, even if such an instruction had been requested, which was not done.

The instruction upon the measure of damages, to both plaintiff and his car, is also criticized, but this

instruction, though not technically correct, is not susceptible of a construction prejudicial to appellant's substantial rights.

Judgment affirmed.